**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALVIN MALONE, | No. 18-35261 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05552-RBL |
| v. | |
| LESLIE SZIEBERT, Washington State Special Commitment Center Chief Medical Director, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Calvin Malone, who is civilly committed in the state of Washington at the

Special Commitment Center ("SCC"), appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mitchell v. Washington*, 818 F.3d 436, 441 (9th Cir. 2016). We vacate and remand.

The district court granted summary judgment on Malone's claims alleging constitutionally inadequate medical care and a violation of the Equal Protection Clause. However, it is not clear from the record whether defendant Sziebert, or someone else, is responsible for scheduling patients to be transported to medical services. The position description for the Medical Director provides that the Medical Director has "extensive input into the daily operation of clinical and residential programming," authority "over the entire scope of the [SCC] Program and all of its residential venues," and "direct responsibility for the oversight of all SCC medical policies." Further, Sziebert testified during his deposition that he was aware that Malone had an outpatient appointment that was "not carried out . . . because of a stricture that security placed on [SCC] that there was only two medical trips out." Sziebert additionally admitted during his deposition that "there [are] occasions when the health and safety of a resident is compromised due to the physical location of the facility and the length of time it takes to transport a patient to medical services." On this record, Sziebert has not met his burden of showing that there is no genuine dispute of material fact as to whether he was not responsible for the alleged violations. *See Felarca v. Birgeneau*, 891 F.3d 809,

819-20 (9th Cir. 2018) (supervisor can be liable under § 1983 for "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury" (citation omitted)); *see also Mitchell*, 818 F.3d at 443-44 (setting forth standards for constitutionally adequate medical care under Fourteenth Amendment and equal protection claims). We vacate summary judgment on these claims and remand for further proceedings.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**